# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NED LIND**
        **Plaintiff,**

    v.                                                                                                       Case No. 17-C-367

**NANCY A. BERRYHILL,**
**Acting Commissioner of the Social Security Administration**
        **Defendant.**

## DECISION AND ORDER

In this action for judicial review, plaintiff Ned Lind argues that an Administrative Law Judge ("ALJ") improperly dismissed as untimely his request for a hearing regarding a change in his social security benefits. For the reasons that follow, I affirm the ALJ's decision.

## I. BACKGROUND

Plaintiff receives social security disability benefits. The Social Security Administration ("SSA") suspended his benefits from January 2005 through July 2009, and again from November 2010 to February 2011, due to the issuance of warrants for his arrest during these periods. (Tr. at 37.) Pursuant to a court order subsequently issued in a class action lawsuit, the SSA provided retroactive relief to individuals subject to suspension actions taken on or after October 24, 2006, which were based on an outstanding arrest warrant related to a violation of probation or parole. See Clark v. Astrue, 274 F.R.D. 462 (S.D.N.Y. 2011) (order certifying the class); https://secure.ssa.gov/poms.nsf/lnx/0202615100 (explaining Clark relief).

On June 26, 2013, the agency issued a Notice of Change in Benefits, indicating that it had reviewed plaintiff's suspensions pursuant to Clark, denying relief for the 2005-2009 period

but granting relief for the 2010-2011 period. (Tr. at 37.) On July 3, 2013, plaintiff filed a request for reconsideration. (Tr. at 29.) In an attached letter, plaintiff indicated that on June 28, 2013, his wife called the SSA to ask why he was denied repayment for the earlier period, and the SSA representative advised that the decision was based on the fact that the "offense codes" pertaining to the two suspension periods were different. Plaintiff asked for reconsideration because the codes were not different; the two periods actually involved the same code, 5012, which was covered under the Clark case.[1] (Tr. at 30.) He also attached to the request a copy of his NCIC report listing the code. (Tr. at 31-36.)

On December 24, 2013, the SSA issued a Notice of Reconsideration, affirming the previous determination. (Tr. at 26-27.) The agency explained that the denial regarding the 2005-2009 period was based on the fact that the Clark order applied to determinations made on or after October 24, 2006, while the decision in plaintiff's case regarding this period was made in December 2005. Accordingly, plaintiff was not entitled to relief for that period under Clark. (Tr. at 26.) The reconsideration notice further explained that, if he felt the decision was wrong, plaintiff could request a hearing before an ALJ, and that he had 60 days to do so, with the 60-day period starting the day after he received the notice. (Tr. at 27.)

Nearly two years later, on October 2, 2015, plaintiff filed a request for a hearing before an ALJ. (Tr. at 17.) In that request, he stated that the reconsideration notice failed to explain why he did not receive repayment of benefits as a result of Clark. (Tr. at 17.) Plaintiff attached a copy of the same letter he provided in support of the reconsideration request (Tr. at 19),

---

[1]The National Crime Information Center ("NCIC") classifies criminal offenses using a 4-digit code. For instance, Code 0999 refers to homicide. Code 5012 pertains to probation violations. See https://secure.ssa.gov/poms.nsf/lnx/0202613900.

2

along with a copy of his NCIC criminal history report (Tr. at 20-25). At the bottom of the letter, he hand-wrote: "This is original reason for appeal. I am still not satisfied with the denial. Both of the circumstances were the same, yet only one was paid back, so this is why I am requesting a hearing." (Tr. at 19.) Plaintiff did not address the explanation for the different treatment of the two periods provided in the agency's reconsideration notice.

Plaintiff also attached a letter explaining why the hearing request came more than 60 days after the previous determination. (Tr. at 17.) In that letter, plaintiff indicated that he was not aware of the previous denial because he never received the notice. He further indicated that he and his wife called the SSA on October 8, 2014, and spoke to an employee named "Kyle." Plaintiff indicated that he gave permission for Kyle to talk to his wife about the appeal, and Kyle informed plaintiff's wife that the appeal was still pending and to check back at a later date. Plaintiff's wife asked how soon they should call back, and Kyle said six to twelve months. They gave it almost a full year and still had not heard, so on September 18, 2015, plaintiff called and was then informed that reconsideration had been denied on December 24, 2013. Plaintiff asked how this was possible, since they were told in October 2014 that the matter was pending. The SSA representative did not know but thought maybe the pending issue Kyle mentioned pertained to something else. Plaintiff indicated that he had no other pending matter, and the SSA representative had no reason for how the mistake occurred. Plaintiff asked for a copy of the reconsideration decision, which he received on September 26, 2015. He claimed he would have timely requested a hearing had he received the notice. (Tr. at 18.)

On December 23, 2015, the ALJ dismissed plaintiff's request for a hearing as untimely. (Tr. at 12.) The ALJ noted that hearing requests must be filed within 60 days of the date the claimant received notice of the previous determination. (Tr. at 15, citing 20 C.F.R. §

3

404.933(b)(1).)  Such notices are presumed to have been received five days after the date on the notice, unless the claimant can establish that he did not receive the notice within the five-day period.  (Tr. at 15, citing 20 C.F.R. § 404.901.)  The time for requesting a hearing may be extended if the claimant can establish "good cause" for missing the deadline.  (Tr. at 15, citing 20 C.F.R. §§ 404.911 & 404.933(c).)

> The ALJ concluded:
>
> The claimant filed the request for hearing more than 17 months after the date of the notice of reconsideration determination and the claimant has not established that he did not receive this determination within 5 days of this date.  Accordingly, the request for hearing was not filed within the stated time period.
>
> In terms of extending the time to file the request, the claimant stated that he missed the deadline to request a hearing because he states he never received the Notice of Reconsideration.  The undersigned has considered this explanation under the standards set forth in 20 CFR 404.911 and finds that the claimant has not established good cause for missing the deadline to request a hearing.  The claimant did not file the Request for Hearing for nearly two years after the reconsideration denial.  He was receiving benefits at the time of the reconsideration decision and the reconsideration notice was sent to the address provided by the claimant.  In the fact, the claimant's address was last updated in November 2002.  The undersigned is not convinced the claimant did not receive the reconsideration notice.  The undersigned does not find the claimant's statements about not receiving the notice to be credible given the evidence showing the notice was sent to the correct address.
>
> Because the request for hearing was not filed within the stated time period, and because the claimant has not established good cause for missing the deadline to request a hearing, the request for hearing dated October 2, 2015 is dismissed and the reconsideration determination dated December 24, 2013 remains in effect.

(Tr. at 15-16.)

Plaintiff requested review by the Appeals Council (Tr. at 10), reiterating his claim that he never received notice of the December 2013 reconsideration decision (Tr. at 11).  He indicated that he had not changed his address and had the same contact information for many

4

years.  He further indicated that he called social security and was told the matter was pending and to check back later, which he did in September 2015, learning only then of the reconsideration decision of December 24, 2013.  He argued that he would have timely appealed had he received the December 2013 letter.  (Tr. at 11.)

On April 20, 2016, the Appeals Council denied plaintiff's request for review.  (Tr. at 6-9.) The Council subsequently extended the time for plaintiff to seek judicial review (Tr. at 1-5), and plaintiff filed the instant action.

## II.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a social security claimant may seek judicial review of any final decision by the Commissioner of Social Security, including a decision dismissing as untimely a request for a hearing.  See Boley v. Colvin, 761 F.3d 803, 808 (7th Cir. 2014). Where, as here, the Appeals Council denied review, the court reviews the ALJ's decision as the final word from the Commissioner.  E.g., Moreno v. Berryhill, 882 F.3d 722, ___ (7th Cir. 2018).

The court reviews an ALJ's decision to determine whether it applies the correct legal standard and is supported by substantial evidence.  Summers v. Berryhill, 864 F.3d 523, 526 (7th Cir. 2017).  Legal conclusions are reviewed de novo, but finding of fact will be upheld if supported by "substantial evidence."  Casey v. Berryhill, 853 F.3d 322, 326 (7th Cir. 2017). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Summers, 864 F.3d at 526.  The court will not, under this deferential standard, re-weigh the evidence or substitute its judgment for that of the ALJ.  Id. If reasonable minds could differ as to the appropriate outcome, the court must uphold the decision under review.  See, e.g., Shideler v. Astrue, 688 F.3d 306, 310 (7th Cir. 2012).

5

## III.  DISCUSSION

Plaintiff argues that the ALJ should have found "good cause" for the late filing, and that the matter should be remanded for a hearing on the merits.  The regulations provide various examples of circumstances in which good cause may exist, see 20 C.F.R. § 404.911(b), but plaintiff relies solely on § 404.911(b)(7): "You did not receive notice of the determination or decision."

Plaintiff first contends that the court should not presume receipt absent proof the agency mailed the notice.  As he seems to acknowledge, however, his argument conflicts with the regulations.  See 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."); Solberg v. Secretary of Dep't of Health & Human Servs., 583 F. Supp. 1095, 1097-98 (E.D. Wis. 1984) (explaining that the regulation creates a rebuttable presumption of receipt); see also Grant v. Berryhill, 695 Fed. Appx. 592, 594-95 (1st Cir. 2017) (rejecting the argument that the presumption of receipt applies only if the agency presents specific evidence of mailing). Plaintiff does not challenge the validity of the regulations, nor does he provide any authority requiring proof of mailing.

Plaintiff next contends that, even if the presumption exists, he made a sufficient showing of non-receipt.  However, the only evidence he cites is his own statement that he did not receive the notice in December 2013, that "Kyle" failed to tell him about it in October 2014, and that he learned of the decision only when he called back in September 2015.  He produced no corroborating evidence.  Courts have rejected the notion that a claimant's mere assertion is sufficient to rebut the presumption of receipt, see, e.g., Grant, 695 Fed. Appx. at 594; Kinash v. Callahan, 129 F.3d 736, 737 (5th Cir. 1997); Pettway v. Barnhart, 233 F. Supp. 2d 1354,

1356-57 (S.D. Ala. 2002); Solberg, 583 F. Supp. at 1098, and plaintiff cites no authority requiring the ALJ to hold a hearing under such circumstances. As the court explained in Solberg, the SSA could not function or enforce its deadlines if the presumption could be overcome with a bare denial of receipt.[2] Id.

Plaintiff argues that his alleged telephone contacts with the SSA provide corroboration, but the only evidence of these contacts comes from plaintiff's statement. Plaintiff faults the SSA for failing to produce documentation of the calls, but the burden is on plaintiff to prove non-receipt;[3] he cites no authority requiring the Commissioner to produce a record of these

---

[2] Plaintiff argues in reply that because his request was dismissed without a hearing the ALJ had no opportunity to assess credibility. However, plaintiff cites no authority requiring the ALJ to hold a hearing to evaluate the veracity of an unsupported claim of non-receipt. He also faults the ALJ for failing to make detailed findings and marshal supporting evidence, but plaintiff presented no evidence for the ALJ to consider aside from his own statement, which the ALJ did not accept. Cf. United States v. Pietkiewicz, 712 F.3d 1057, 1061 (7th Cir. 2013) (stating that the amount explanation required from a judge varies with the circumstances, and that when a matter is simple the judge need not write extensively). Finally, although the parties do not discuss it, I note that the Seventh Circuit's recent decision in Casey is inapposite. The error in that case was the Appeals Council's arbitrary reversal of its previous grant of a good cause extension, which the Seventh Circuit deemed "an unfair bureaucratic bait and switch." 853 F.3d at 323. The original request was based on the statement of the claimant's counsel that he never received a copy of the decision and learned of it only after calling, which the court characterized as a "viable showing of good cause." Id. at 328. However, the court did not hold that the Council was required to accept such a claim of non-receipt, only that once it exercised its discretion to accept a good cause contention it could not arbitrarily change course.

[3] He similarly argues in reply that no evidence was provided contradicting his claim of non-receipt. Because the regulation places the burden on the claimant, the agency need not submit evidence. Plaintiff further notes in reply that the regulation does not set forth the standard for proving non-receipt. That the regulation does not require documentary corroboration does not mean that an ALJ is required to accept a claimant's bare assertion of non-receipt, regardless of the other circumstances of the case. Finally, plaintiff indicates that the agency could solve this problem by sending notices by certified mail. Doing so would produce a record of receipt (or non-receipt), but plaintiff cites no authority requiring the SSA to certify the millions of pieces of correspondence it sends every year. As plaintiff notes, certified mail is used when an action for judicial review is filed in federal court, see Fed. R. Civ. P. 4(i), but he cites no similar rule for agency communications to individual claimants.

7

alleged contacts with the agency. Plaintiff's argument that, because the Commissioner failed to refute the calls, his statements about them must be accepted as credible similarly fails to acknowledge the burden.

Finally, plaintiff argues that his credibility is bolstered by the fact that he filed for a hearing two years late; had he simply overlooked the deadline, he likely would have filed sometime shortly after the period ran. He similarly argues that the fact that he filed the hearing request soon after learning of the reconsideration decision makes it reasonable to assume that he did not, in fact, receive timely notice. But these arguments again assume the truth of his claim that he did not learn of the denial until September 2015. Cf. Grant, 695 Fed. Appx. at 594 (holding that a record showing when the claimant faxed the notice to his lawyer did not demonstrate the date the claimant received the notice).

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that the ALJ's decision is affirmed, and this case is dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 19th day of March, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge

8